UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ARTHUR EDMONSON, <br><br> Petitioner, <br> v. <br><br> DONALD GAETZ, <br> Warden, Menard Correctional Center, <br><br> Respondent. | Case No. 09 C 2073 <br><br> Judge Joan B. Gottschall |

## **MEMORANDUM OPINION & ORDER**

This action is a petition for writ of habeas corpus. Presently before the court is respondent Donald Gaetz's motion to dismiss Arthur Edmonson's petition as untimely under 28 U.S.C. § 2244(d). For the reasons stated herein, the court denies Gaetz's motion to dismiss.

### I. BACKGROUND

The dates relevant to this motion are undisputed. Edmonson was convicted of first-degree murder, attempted first-degree murder, and aggravated kidnapping in the Circuit Court of Cook County, Illinois on October 7, 2003. He directly appealed his conviction, which the Appellate Court of Illinois, First District affirmed. The Supreme Court of Illinois denied Edmonson's petition for leave for appeal (the "PLA") on December 1, 2005, and the Supreme Court of the United States denied his petition for writ of certiorari on April 24, 2006.

On December 15, 2006, Edmonson placed his petition for post-conviction relief in the mail; that petition was docketed in the Circuit Court of Cook County, Illinois on

December 26, 2006. The trial court denied Edmonson's petition and on June 12, 2008, the Appellate Court of Illinois, First District affirmed that denial.

Edmonson did not file his PLA to the Supreme Court of Illinois for his post-conviction petition within the thirty-five day window granted by rule; rather, on September 5, 2008, the time for filing his PLA having passed, Edmonson filed a motion for leave to file his PLA late. The Supreme Court of Illinois granted his motion on November 14, 2008, then denied his PLA on January 28, 2009.

On March 6, 2009, Edmonson attempted to file his petition for a writ of habeas corpus by giving his petition to the appropriate prison authorities. This attempt was unsuccessful; Edmonson attempted to pay the filing fee by an Offender Authorization for Payment to cover his filing fee, but had insufficient funds to do so. Edmonson again gave his petition to prison authorities on March 31, 2009, including with his petition his application for leave to proceed *in forma pauperis*, which this court subsequently granted.

## II. LEGAL STANDARD

Gaetz bears the burden of showing that a petition for writ of habeas corpus is untimely. *See Gildon v. Brown*, 384 F.3d 883, 886 (7th Cir. 2004). Each application for a writ of habeas corpus is subject to a one-year limitations period, *see* 28 U.S.C. § 2244(d)(1), measured from the date on which the judgment became final by virtue of the conclusion of direct review, *see id.* § 2244(d)(1)(A), but excluding any time during which a properly filed petition for post-conviction relief was pending. *Id.* § 2244(d)(2).

## III. ANALYSIS

The court will begin its analysis with those days that clearly count toward or are excluded from the one-year limitations period. Edmonson's one year began on April 24,

2006, when the Supreme Court of the United States denied his petition for writ of certiorari. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009). His petition for post-conviction relief was not pending until December 15, 2006, when he placed his petition for post-conviction relief in the mail to be filed. *See People v. Saunders*, 633 N.E.2d 1340, 1341 (Ill. App. Ct. 1994) (holding that date of mailing was date of filing of post-conviction petition); *see also Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000). Therefore, 234 days of Edmonson's allotted one year elapsed before he filed his post-conviction petition, leaving him 131 days to file this petition.

Edmonson's petition was pending from December 15, 2006, through at least June 12, 2008, when the appellate court affirmed the trial court's denial of Edmonson's petition. Edmonson again tolled the limitations period when he filed his motion to file a late PLA on September 5, 2008; the period was then tolled until the Supreme Court of Illinois denied his PLA, on January 28, 2009. *See Fernandez v. Sternes*, 227 F.3d 977, 979-80 (7th Cir. 2000). But a petition is not pending, and so the limitations period runs, between the day the PLA becomes late and the day the motion to file a late PLA is filed. *Id.* Forty-nine days passed from July 17, 2008, when Edmonson's window to file a timely PLA closed, *see* Ill. S. Ct. R. 315(b), until the day he filed his motion to file a late PLA. These forty-nine days left Edmonson eighty-two days to file this petition.

Finally, the thirty-six days from January 28, 2009, when the Supreme Court denied Edmonson's PLA, to March 6, 2009, when he first tried to file his petition for writ of habeas corpus counts toward the limitations period, leaving forty-six days remaining in the limitations period.

Two issues remain, both of which must be resolved in Gaetz's favor for dismissal to be proper. The first is a question expressly reserved by the Seventh Circuit in *Fernandez*–whether the thirty-five day period during which Edmonson could have timely filed his PLA, but failed to do so, counts toward the limitations period. 227 F.3d at 980; *see also Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) (further reserving ruling on same question).

The court need not reach that issue, because resolution of the second issue precludes dismissal. Gaetz contends that the period from March 6, 2009, when Edmonson first gave his petition for writ of habeas corpus to prison authorities, to March 31, 2009, when his petition was filed successfully, counts toward the limitations period. Normally, the date on which Edmonson filed his petition would be the date that he first gave his petition to prison authorities, and the court's inquiry would end. R. 3(d) Governing § 2254 Cases; *see Jones v. Bertrand*, 171 F.3d 499, 499-503 (7th Cir. 1999).

However, Rule 3(a) of the rules governing habeas corpus actions provides that the petitioner must file his petition with either the required fee or an affidavit to proceed *in forma pauperis*. R. 3(a) Governing § 2254 Cases. In his March 6 filing, Edmonson included his ultimately unsuccessful "Offender Authorization for Payment" to cover his filing fees. Gaetz urges that because Edmonson could have filled out the *in forma pauperis* affidavit on March 6, 2009, as he ultimately did on March 31, 2009, the intervening time should count toward the limitations period. However, the Seventh Circuit unambiguously stated, "So long as an inmate gets the habeas petition to the prison officials within the prescribed time limit, his petition will be deemed timely for statute of limitations purposes regardless of whether it is accompanied by the five dollar filing fee

4

or IFP application." *Jones v. Bertrand*, 171 F.3d 499, 503 (7th Cir. 1999); *see also Harris v. Vaughn*, 129 Fed. Appx. 684 (3d Cir. 2005). There is no suggestion that Edmonson acted in bad faith in authorizing funds he did not have, or that Edmonson took an unreasonable time to remedy his filing error. Moreover, had the prison officials simply held onto Edmonson's petition until Edmonson filed an *in forma pauperis* affidavit, the facts of this case would be squarely within the court's holding in *Jones*. The prison officials' return of Edmonson's petition to him until he was able to complete the affidavit is a matter outside his control, and is not a meaningful distinction between this case and *Jones*. Finally, Edmonson has attested that he in fact originally included his *in forma pauperis* affidavit with his original attempted filing. For each of these reasons, Edmonson's filing is deemed filed on March 6, and so timely filed.

## IV. CONCLUSION

For the reasons stated above, Gaetz's Motion to Dismiss Untimely Petition for a Writ of Habeas Corpus is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 6, 2010

5